RULE 4.2
*Political and Campaign Activities of Judicial Candidates in Public Elections*

(A) A judicial candidate in a public election shall:

      (1)   act at all times in a manner consistent with the independence, integrity, and impartiality of the judiciary;

      (2)   comply with all applicable election, election campaign, and election campaign fundraising laws and regulations of this jurisdiction;

      (3)   review and approve the content of all campaign statements and materials produced by the candidate or his or her campaign committee, as authorized by Rule 4.4, before their dissemination; and

      (4)   take reasonable measures to ensure that other persons do not undertake on behalf of the candidate activities, other than those described in Rule 4.4, that the candidate is prohibited from doing by this Rule.

(B) A candidate for elective judicial office may, unless prohibited by law, and not earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office:

      (1) establish a campaign committee pursuant to the provisions of Rule 4.4;

      (2) speak on behalf of his or her candidacy through any medium, including but not limited to advertisements, websites, or other campaign literature;

      (3) publicly endorse or speak on behalf of, or publicly oppose or speak in opposition to, candidates for the same judicial office for which he or she is a judicial candidate, or publicly endorse or speak on behalf of candidates for any other elective judicial office appearing on the same ballot;

      (4) attend or purchase tickets for dinners or other events sponsored by a political organization or a candidate for public office;

      (5) seek, accept, or use endorsements from any person or organization;

      (6) contribute to a political organization or candidate for public office;

      (7) identify himself or herself as a member or candidate of a political organization; and

      (8) use court facilities for the purpose of taking photographs, videos, or other visuals for campaign purposes to the extent such facilities are available on an equal basis to other candidates for such office.

(C) A judge who is a candidate for elective judicial office shall not:

**[(1) personally solicit or accept campaign contributions other than through a campaign committee authorized by Rule 4.4;]**

[(2)]**(1)** use or permit the use of campaign contributions for the private benefit of the candidate or others;

[(3)]**(2)** use court staff, facilities, or other court resources in a campaign for judicial office except that a judge may use court facilities for the purpose of taking photographs, videos, or other visuals for campaign purposes to the extent such facilities are available on an equal basis for other candidates for such office;

[(4)]**(3)** knowingly or with reckless disregard for the truth, make, or permit or encourage his or her campaign committee to make, any false or misleading statement; or

[(5)]**(4)** make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court.

COMMENT:

GENERAL CONSIDERATIONS

[1] Paragraphs (B) and (C) permit judicial candidates in public elections to engage in some political and campaign activities otherwise prohibited by Rule 4.1. Candidates may not engage in these activities earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office.

[2] Despite paragraph (B) and (C), judicial candidates for public election remain subject to many of the provisions of Rule 4.1. For example, a candidate continues to be prohibited from soliciting funds for a political organization, knowingly making false or misleading statements during a campaign, or making certain promises, pledges, or commitments related to future adjudicative duties. See Rule 4.1(A), paragraphs (4) and (11), and Rule 4.2(C), paragraph [(4)]**(3)**.

[3] In public elections for judicial office, a candidate may be nominated by, affiliated with, or otherwise publicly identified or associated with a political organization, including a political party. This relationship may be maintained throughout the period of the public campaign, and may include use of political party or similar designations on campaign literature and on the ballot.

[4] Judicial candidates are permitted to attend or purchase tickets for dinners and other events sponsored by political organizations.

[5] For purposes of paragraph (B)(3), candidates are considered to be a candidate for the same judicial office if they are competing for a single judgeship or for one of several judgeships

on the same court to be filled as a result of the election. In endorsing or opposing another candidate for a position on the same court, a judicial candidate must abide by the same rules governing campaign conduct and speech as apply to the candidate's own campaign.

STATEMENTS AND COMMENTS MADE DURING A CAMPAIGN FOR JUDICIAL OFFICE

[6] Judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees. Paragraph (C)**[(4)](3)** obligates candidates and their committees to refrain from making statements that are false or misleading, or that omit facts necessary to make the communication considered as a whole not materially misleading.

[7] Judicial candidates are sometimes the subject of false, misleading, or unfair allegations made by opposing candidates, third parties, or the media. For example, false or misleading statements might be made regarding the identity, present position, experience, qualifications, or judicial rulings of a candidate. In other situations, false or misleading allegations may be made that bear upon a candidate's integrity or fitness for judicial office. As long as the candidate does not violate paragraphs (C)**[(4)](3)** or (C)**[(5)](4)**, or Rule 4.1, paragraph (A)(11), the candidate may make a factually accurate public response. In addition, when an independent third party has made unwarranted attacks on a candidate's opponent, the candidate may disavow the attacks, and request the third party to cease and desist.

[8] Subject to paragraph (C)**[(5)](4)**, a judicial candidate is permitted to respond directly to false, misleading, or unfair allegations made against him or her during a campaign, although it is preferable for someone else to respond if the allegations relate to a pending case.

[9] Paragraph (C)**[(5)](4)** prohibits judicial candidates from making comments that might impair the fairness of pending or impending judicial proceedings. This provision does not restrict arguments or statements to the court or jury by a lawyer who is a judicial candidate, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter.

RULE 4.4
*Campaign Committees*

(A) A judicial candidate subject to public election may establish a campaign committee to manage and conduct a campaign for the candidate, including seeking, accepting, and using endorsements from any person or organization, subject to the provisions of this Code. The candidate shall take reasonable steps to cause his or her campaign committee to comply with applicable provisions of this Code and other applicable law.

(B) A judicial candidate subject to public election shall take reasonable steps to cause the judge's campaign committee:

(1) to solicit and accept only such campaign contributions as are permitted by law or Rule;

(2) not to solicit or accept contributions earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office, and all fundraising activities in connection with such judicial campaign shall terminate no later than the last calendar day of the year in which the judicial election is held; and

(3) to comply with all applicable statutory requirements for disclosure and divestiture of campaign contributions, and to file with the Secretary of the Commonwealth a report stating the name, address, occupation, and employer of each person who has made campaign contributions to the committee in an aggregate value exceeding $250 and the name and address of each person who has made campaign contributions to the committee in an aggregate value exceeding $50. The report must be filed not later than thirty days following an election, or within such other period as is provided by law.

COMMENT:

[1] Judicial candidates are prohibited from personally soliciting campaign contributions or personally accepting campaign contributions. **[See Rule 4.2(C)(1)]**. This Rule recognizes that in Pennsylvania, judicial campaigns must raise campaign funds to support their candidates, and permits candidates, other than candidates for appointive judicial office, to establish campaign committees to solicit and accept reasonable financial contributions or in-kind contributions.

\*\*\*